Gurung v. Holder

BIA
Mulligan, IJ
A089 915 659

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand fifteen.

PRESENT:
> JON O. NEWMAN,
> DENNY CHIN,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

HUM KUMARI GURUNG,
> *Petitioner,*

> v.                                                    14-136
>                                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Khagendra Gharti-Chhetry, New York,
                       New York.

FOR RESPONDENT:        Joyce R. Branda, Acting Assistant
                       Attorney General; Leslie McKay,
                       Assistant Director; Lori B. Warlick,
                       Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hum Kumari Gurung, a native and citizen of Nepal, seeks review of a December 19, 2013, decision of the BIA, affirming the September 7, 2011, decision of an Immigration Judge ("IJ"), denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hum Kumari Gurung*, No. A089 915 659 (B.I.A. Dec. 19, 2013), *aff'g* No. A089 915 659 (Immig. Ct. N.Y. City Sep. 7, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008)(per curiam). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications like Gurung's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an applicant's "demeanor, candor, or responsiveness" as well as inconsistencies in an applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008) (per curiam).  "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

We conclude that the agency's adverse credibility determination is supported by substantial evidence.  The IJ reasonably relied on Gurung's omission from her asylum application of an alleged physical assault.  Gurung's application states that Maoists came to her office, stole money, and threatened her, but she testified that they also threw her to the ground and damaged her teeth.  This assault is central to Gurung's claim of past persecution, and the IJ reasonably based his adverse credibility determination on

3

Gurung's failure to include it in her written statement. *Xian Tuan Ye v. DHS*, 446 F.3d 289, 295 (2d Cir. 2006) (per curiam); *Xiu Xia Lin*, 534 F.3d at 167.

Gurung argues that her explanation for this omission—that she did not go to the doctor and therefore had no proof of her injuries-should have been credited. However, the IJ was not compelled to credit the explanation, particularly after Gurung testified that she obtained treatment in the United States for the injuries to her teeth. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005)

The IJ also reasonably relied on Gurung's inability to testify to the details of the meetings she helped organize for the Rastriya Parjatantra Party ("RPP") at her hotel. Gurung testified that she regularly attended and participated in RPP meetings at her hotel and that she organized and spoke out on behalf of the party. However, when the IJ asked her for details, she gave vague answers that did not respond to the IJ's concerns. The IJ reasonably relied on her inability to respond to these questions in concluding that she lacked credibility. See 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that applicant's lack of responsiveness can support an adverse credibility determination).

The IJ's adverse credibility determination is further supported by his demeanor finding. The IJ noted multiple instances in which Gurung displayed contrived emotions, looking to the judge as she held her face in order to gauge his reaction, and points at which she paused between answers and seemed increasingly nervous. We typically afford particular deference to demeanor findings. *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005); *see also Majidi*, 430 F.3d at 81 n.1. That deference is particularly appropriate here, as a cold transcript cannot reflect Gurung's emotional tone, body language, or the pace of her answers. Only the IJ can observe these details, and we defer to his evaluation of them. *Jin Chen*, 426 F.3d at 113.

Considering the totality of the circumstances, including Gurung's omission of her physical attack, her inability to testify to the details of the RPP meetings she helped plan and attended, and her poor demeanor throughout the hearing, the IJ's adverse credibility determination is supported by substantial evidence. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Accordingly, because all of Gurung's claims rely on her credibility, the agency did not err in denying asylum, withholding of removal, and CAT relief because the claims

5

were all based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6